IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PRAXIS ENERGY AGENTS LLC,** § | | |
| § | | |
| **Plaintiff,** § | C.A. No. H-19-CV-_____ | |
| § | | |
| vs. § | | |
| § | | |
| **M/V CARIBE MARIA (IMO 9337286),** § | | |
| her engines, freights, apparel, § | | |
| appurtenances, tackle, etc., *in rem*, § | **IN ADMIRALTY** | |
| § | | |
| **Defendant.** § | | |

## VERIFIED COMPLAINT

COMES NOW Plaintiff, PRAXIS ENERGY AGENTS LLC (hereinafter "PRAXIS" or "Plaintiff"), by and through its undersigned counsel, and files this Verified Complaint against Defendant M/V CARIBE MARIA (hereinafter "the Vessel"), IMO No. 9337286, her engines, freights, apparel, appurtenances, tackle etc., *in rem*, alleges and pleads as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and § 31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343 ("CIMLA") and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the M/V CARIBE MARIA, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled below. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b)

because the Vessel is or will be headed to a terminal in the Port of Houston within the Southern District of Texas.

## THE PARTIES

3.  At all times material hereto, Plaintiff, PRAXIS, is a Texas limited liability company with its principal place of business in Houston, Texas located at 1725 Hughes Landing Blvd., Suite 890, The Woodlands, TX 77380 and engaged in the business of providing maritime necessaries to ships, namely bunkers.

4.  Defendant M/V CARIBE MARIA was and is an ocean-going chemical/oil products tanker, registered in Liberia, IMO number 9337286, call sign of D5KK2, and is now, or will be during the pendency of this action, within the Southern District of Texas, and subject to the jurisdiction and venue of this Honorable Court.  Upon information and belief, the Vessel's registered owner is Parchen III TT AS and its commercial manager is Caribe Tankers Ltd. whose agent is Caribe Tankers Inc.

## FACTS

5.  PRAXIS supplied bunkers to the M/V CARIBE MARIA, pursuant to a contract dated October 16, 2018.  PRAXIS brings this action in order to recover amounts indisputably due and owing for the supply of bunkers to the Vessel. *A copy of the Bunker Supply Contract is attached hereto as **Exhibit 1***.  The Bunker Supply Contract incorporates Praxis' General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants.  *A copy of Praxis' General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants is attached hereto as **Exhibit 2***.

6.  The Bunker Supply Contract was entered into by the Vessel's commercial manager Caribe Tankers Ltd. through its designated agent Caribe Tankers Inc.  (collectively "Caribe

Tankers"). The supply of bunkers was for the account of "M/V CARIBE MARIA (IMO: 9337286) and/or Parchem III TT AS and/or Master and/or Owner and/or Managers and/or Operators and/or Caribe Tankers Ltd." *See* **Exhibit 1**.

7. PRAXIS timely delivered the bunkers to the Vessel at the Port of Beaumont, on or about October 24, 2018, as set out in the Bunker Delivery Note. *See **Exhibit 3***. The Bunker Delivery Note bears the signature of the Vessel's authorized representative. *Id*.

8. By signing the Bunker Delivery Note, the authorized representative acted on behalf of the Vessel and her owner and/or operator and/or charterer to procure bunkers, and thereby accepted them for the Vessel.

9. The bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship.

10. On October 24, 2018, PRAXIS submitted an invoice numbered "22247" for the delivery of bunkers to the Vessel for the amount totaling USD 136,074.28. Payment of the invoice was due on December 12, 2018. *A copy of the invoice is attached hereto as **Exhibit 4***.

11. Pursuant to Clause 12.01.4 of PRAXIS' Terms and Conditions, the Buyer[1] is obligated to pay PRAXIS "default interest/late payment charges at the rate of 2.5% per month on the principal amount due from the due date of payment to the date of actual full payment of the principal, without prejudice to [PRAXIS'] right to claim full payment forthwith." *See* **Exhibit 2**, p. 4.

---

[1] Under Praxis' Terms and Conditions, Buyer is defined to include, *inter alia*, the Vessel supplied and, jointly and severally, her owner, lessor and manager of the Vessel, her demise/bareboat charterer, lessee, and "any other party which has contracted with [Praxis] for the particular supply of Product and is stated as a buyer in the Nomination Confirmation". *See* **Exhibit 2**, Clause 2.04.

12. Pursuant to Clause 12.01.10 of PRAXIS' Terms and Conditions, the Buyer agrees to pay "[t]he full legal and other costs and expenses incurred by [PRAXIS] including those of [PRAXIS'] own legal department and of other lawyers it may employ in connection with any breach by the Buyer of any term of the [a]greement". *See* **Exhibit 2**, p. 5.

13. PRAXIS also had outstanding invoice charges due and owing by Caribe Tankers for the M/T CARIBE ILSE and M/T CARIBE CHRISTINA. Specifically, Caribe Tankers owed $927.88 for the supply of bunkers by PRAXIS to the M/T CARIBE ILSE on September 28, 2018. Caribe Tankers also owed $8,265.72 in late charges and interest from a bunker supply contract for the supply of bunkers to the M/T CARIBE CHRISTINA on or about July 23, 2018.

14. In addition, PRAXIS also had outstanding invoiced charges due and owing by Caribe Tankers for the M/V CARIBE MARIA for bunkers supplied at the Port of Bolivar Roads and the Port of Corpus Christi. Caribe Tankers owed $12,647.02 in late charges and interest from a prior bunker supply contract delivered to the Port of Bolivar Roads on July 4, 2018. Caribe Tankers owed $9,285.50 in late charges and interest for the supply of bunkers at the Port of Corpus Christi on August 5, 2018.

15. Between December 12, 2018 and January 8, 2019, USD 272.15 in interest and late charges accrued for the outstanding amount due and owing on the M/V CARIBE MARIA.

16. On or about January 8, 2019, a wire transfer remittance from Caribe Tankers was received by PRAXIS in the amount of $68,037.14.

17. Pursuant to Clause 12.01.6 of PRAXIS Terms and Conditions, PRAXIS was entitled to apply the payment received to outstanding contractual interest and costs which had accrued as of November 16, 2018. *See* **Exhibit 2**, p. 4.

4

18. PRAXIS applied the first $34,187.79 of the partial payment to the outstanding contractual interest, late fees, and costs which had accrued for bunkers supplied to the M/T CARIBE ILSE, M/T CARIBE CHRISTINA, and M/T CARIBE MARIA.

19. The remaining $33,849.35 was applied to the outstanding principal balance for bunkers supplied to the CARIBE MARIA on October 24, 2018.

20. Defendant has failed, neglected, and/or refused to remit the remaining balance due for the bunkers delivered to the Vessel.

21. Accordingly, the total amount remaining due and owing to PRAXIS as a result of the failure to pay for bunkers delivered to the Vessel is USD 102,224.93, plus costs, fees, and interest. Outstanding late fees and interest have accrued on the outstanding balance in the amount of $1,788.94.

22. Pursuant to Clause 22.01, the contract for the sale of bunkers to the Vessel are governed by general maritime the laws of the United States. S*ee* **Exhibit 2**, p. 7. Accordingly, PRAXIS may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq*.

## ALLEGATIONS IN SUPPORT OF RULE C ARREST

23. Plaintiff restates and re-alleges paragraphs 1 – 22 in the foregoing Verified Complaint as if set forth herein.

24. As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, Plaintiff's claim for the amount of **USD 102,224.93**, attaches as a maritime lien on the Vessel in favor of Plaintiff and is enforceable against the Vessel *in rem* under the provision of 46 U.S.C. § 31341 *et seq*.

25. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times the fairly-stated claim, and therefore Plaintiff seeks an Order of Arrest of the Vessel as security for the amount of **USD 153,337.40**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

26. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant M/T CARIBE MARIA (IMO 9337286) her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, including the issuance of a warrant for the arrest of the M/T CARIBE MARIA, and that the said Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B. That judgment be entered in favor of Plaintiff and against the M/T CARIBE MARIA *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C. That the M/T CARIBE MARIA, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: January 29, 2019
      Houston, Texas                                    Respectfully Submitted,

/s/ George M. Chalos_____
George M. Chalos
Briton P. Sparkman
Margaret L. Manns
Chalos & Co, P.C.
7210 Tickner Street
Houston, TX 77055
gmc@chaloslaw.com
bsparkman@chaloslaw.com
Telephone: (713) 574-9582
Facsimile: (866) 702-4577

*Attorneys for Plaintiff*